UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAYNA L. ROCKETT,<br><br>Plaintiff,<br><br>v.<br><br>BEN HOSSIENZADEH in his personal capacity et al.,<br><br>Defendants. | CASE NO. 2:26-cv-03546-JNW<br><br>ORDER |

This matter comes before the Court on Plaintiff Dayna Rockett's motion for disqualification and motion "to require adjudication of judicial authority and disqualification." Dkt. Nos. 8; 9. For the reasons below, I decline to recuse voluntarily and refer the motion for disqualification to Chief Judge Estudillo. The second motion is also denied.

If a party moves for recusal of a judge under 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). A federal judge must disqualify themself in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Further, recusal is required when a party files a "timely and sufficient

affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (citation modified). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Rockett questions my impartiality because I was assigned to preside over another case she filed, and because I presided over a case involving similar legal issues in 2025. Dkt. No. 8 at 3–4. She also questions my impartiality based on a motion to disqualify filed in another matter, *Robinson v. Chief Justice Debra L. Stephens et al.*, asserting that I personally know at least one attorney for King County. No. 2:25-cv-02402-JNW, Dkt. No. 87 at 2, 4. I have considered Rockett's arguments, and I do not find that these circumstances would lead "a reasonable person with knowledge of all the facts [to] conclude that [my] impartiality might reasonably be questioned." *McTiernan*, 695 F.3d at 891. Accordingly, I decline to voluntarily recuse myself and will refer this motion to the Chief Judge for consideration under LCR 3(f).

I now turn to Rockett's motion "to require adjudication of judicial authority and disqualification under 28 U.S.C. §§ 455(b)(1), (b)(4)." Dkt. No. 9. This motion asserts that "[g]overning law entitles Plaintiff to an adjudication of [a] timely

constitutional challenge to the presiding judicial officer's nomination on the *merits*—*before* any dispositive ruling on the underlying claims." *Id.* at 2 (emphasis in original). The Supreme Court has held that "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred." *Ryder v. United States*, 515 U.S. 177, 182–83 (1995).

To be properly appointed, federal district judges must be nominated by the President and confirmed by the Senate. *See* U.S. Const., art. II, § 2, cl. 2. Rockett argues that someone on the President's staff may have taken steps to nominate me without his authorization, so I may not have been nominated by the President as the Constitution requires. It is not clear that *Ryder* reaches this challenge. She does not dispute that I received a presidential nomination, nor does she dispute that I was confirmed by the senate. Rather, she argues that the President did not nominate me as he purported to. But even if Rockett's challenge is the type contemplated by *Ryder*, I reject it on the merits because it is speculative and unsupported.

Accordingly, I DECLINE to recuse voluntarily, Dkt. No. 8, and DENY the motion "to require adjudication of judicial authority and disqualification," Dkt. No. 9. Under LCR 3(f), Rockett's motion for recusal, Dkt. No. 8, is REFERRED to Chief United States District Judge David Estudillo for decision.

Dated this 8th day of October, 2026.

Jamal N. Whitehead
United States District Judge