UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAYNA L. ROCKETT,<br><br>Plaintiff,<br><br>v.<br><br>BEN HOSSIENZADEH in his personal capacity et al.,<br><br>Defendants. | CASE NO. 2:26-cv-03546-JNW<br><br>ORDER ON RECONSIDERATION AND SUPPLEMENTAL RECUSAL MOTION |

On October 8, 2026, the Court ruled on two motions from Plaintiff Dayna L. Rockett: her motion for disqualification and her "motion to require adjudication of judicial authority and disqualification" (the "authority motion"). Dkt. Nos. 8; 9. The Court declined to recuse voluntarily and referred the recusal motion at Dkt. No. 8 to Chief United States District Judge David Estudillo for decision. Dkt. No. 10 at 3; *see* LCR 3(f). The Court denied the authority motion. Dkt. No. 10 at 3. On October 13, 2026, Rockett moved for reconsideration of the Court's October 8 order, and filed a supplemental motion for disqualification under 28 U.S.C. § 455(a).

The Court addresses the motion for reconsideration first. Rockett argues that under Local Civil Rule 3(f), the Court should have referred her authority motion to

the Chief Judge along with her recusal motion because it contained a separate recusal request under 28 U.S.C. § 455. Local Civil Rule 3(f) provides that "[w]henever a motion to recuse directed at a judge of this court" is filed under § 455, and the judge does not recuse voluntarily, "he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." Rockett's authority motion contained within it a request for recusal under § 455. The Court has reviewed that request and declines to recuse voluntarily. So the Court vacates its prior order to the extent it denied the § 455 request and refer the recusal request to the Chief Judge for consideration.

The motion for reconsideration also seeks a stay of "further merits or dispositive proceedings pending resolution of the referred disqualification grounds." Dkt. No. 14 at 5. There is no reason to stay this case; it should keep moving toward resolution, regardless of which judge presides over it. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 2418, 254–55 (1936)). The Court will not, however, rule on dispositive motions before the Chief Judge rules on Rockett's recusal motions.

Lastly, the Court has reviewed Rockett's supplemental motion for disqualification and decline, once again, to recuse voluntarily based on the arguments presented. Dkt. No. 13.

Accordingly, the Court GRANTS IN PART the motion for reconsideration. Dkt. No. 14. The Court REFERS the recusal request made under 28 U.S.C. § 455 contained in the authority motion, Dkt. No. 9, to Chief United States District Judge David Estudillo for decision on that issue. The Court DECLINES to recuse

voluntarily based on the arguments presented in Rockett's supplemental motion for disqualification, Dkt. No. 13, and thus it REFERS that motion to Chief Estudillo for decision as well. The Court DENIES Rockett's request for a stay, but it will not rule on any dispositive motions before the Chief Judge issues a decision on the referred motions.

Dated this 16th day of October, 2026.

Jamal N. Whitehead
United States District Judge