UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAYNA L. ROCKETT,<br><br>Plaintiff,<br>v.<br><br>BEN HOSSEINZADEH et al.,<br><br>Defendant. | CASE NO. 2:26-cv-03546-JNW<br><br>ORDER AFFIRMING ORDERS DENYING RECUSAL (DKT. NO. 10, 15) |

This matter comes before the Court on the Honorable Jamal N. Whitehead's denial (Dkt. Nos. 10, 15) of Plaintiff's motions seeking his recusal (Dkt. Nos. 8, 9) and Plaintiff's Supplemental Motion for Disqualification Under 28 U.S.C. § 455(a) (Dkt. No. 13). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Whitehead's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiff states there has been "an exceptionally unusual sequence in which closely similar § 1983 actions against King County have been assigned to Judge Whitehead. (Dkt. No. 8 at 2.) Plaintiff states there are "questions concerning possible extrajudicial relationships between Judge Whitehead and persons associated with King County, including King County attorney Greta Jibbensmith, Kimberly Y. Frederick, and others associated with the King County Prosecuting Attorney's Office" based on a motion requesting recusal filed by plaintiff Joel L. Robinson in *Robinson v. Stephens*, Case No. 2:25-cv-02402-JNW, Dkt. 87 (W.D. Wash. Sep. 29, 2026). (*Id.* at 4–5.) Plaintiff also argues there are questions of "nomination irregularity" surrounding former President Biden's nomination of Judge Whitehead in 2023. (Dkt. No. 9 at 5.)

Plaintiff presents no evidence of bias on Judge Whitehead's part. This Court held there was no evidence of Judge Whitehead's bias regarding the alleged relationships between Judge Whitehead and persons associated with King County raised by Joel L. Robinson. *Robinson v.*

*Stephens*, Case No. 2:25-cv-02402-JNW, Dkt. 90 (W.D. Wash. Oct. 13, 2026). Plaintiff offers no evidence that would lead a reasonable person to question Judge Whitehead's impartiality.

As for the 100-page report prepared by the House Majority Committee on Oversight and Government Reform which Plaintiff cites as a basis to challenge Judge Whitehead's authority, that report contains no information specific to the nomination and appointment of Judge Whitehead nor any other person for that matter. Instead, the report only broadly recommends the Department of Justice further investigate former President Joe Biden's executive actions (Dkt. No. 9-1 at 7), which is not evidence that Judge Whitehead was never constitutionally appointed.

Accordingly, the Court AFFIRMS Judge Whitehead's orders denying recusal (Dkt. Nos. 10, 15).

Dated this 19th day of October, 2026.

David G. Estudillo
United States District Judge