UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAYNA L. ROCKETT,<br><br>Plaintiff,<br>v.<br><br>BEN HOSSEINZADEH et al.,<br><br>Defendants. | CASE NO. 2:26-cv-03546-JNW<br><br>ORDER DENYING MOTION FOR RECONSIDERATION AND REFERRING MOTION FOR DISQUALIFICATION OF CHIEF JUDGE ESTUDILLO UNDER 8 U.S.C. § 455 (DKT. NO. 18) |

This matter comes before the Court on the Plaintiff's Motion for Reconsideration of Order (Dkt. 16) Under LCR 7(h) For Manifest Errors and For Disqualification of Chief Judge Estudillo Under 28 U.S.C. § 455(a). (Dkt. No. 18.)

United States District Judge Jamal N. Whitehead's denied Plaintiff's motions seeking his recusal (Dkt. Nos. 8, 9) and Plaintiff's Supplemental Motion for Disqualification Under 28 U.S.C. § 455(a) (Dkt. No. 13). (*See* Dkt. Nos. 10, 15.) This Court affirmed Judge Whitehead's decision not to recuse. (Dkt. No. 16.)

## I PLAINTIFF'S MOTION FOR RECONSIDERATION IS DENIED

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

Among other arguments, Plaintiff's motion for reconsideration states the Court used the incorrect standard, failed to address questions "concerning Whitehead's personal knowledge and asserted interest in adjudicating" Plaintiff's assertions regarding Judge Whitehead's nomination validity, and made assumptions "assuming [Judge Estudillo's] own qualification." (Dkt. No. 18 at 2.)

Having reviewed Plaintiff's arguments, the Court finds Plaintiff does not identify any manifest error by the Court's order affirming Judge Whitehead's decision not to recuse. Plaintiff's motion for reconsideration is denied.

## II PLAINTIFF'S MOTION FOR DISQUALIFICATION UNDER 28 U.S.C.

**§ 455 IS REFERRED**

Plaintiff also raises an 8 U.S.C. § 455 challenge to Judge Estudillo's qualifications. (Dkt. No. 18 at 9–10.)

If a party moves for recusal of a judge under 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). A federal judge must disqualify themself in any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Further, recusal is required when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party." 28 U.S.C. § 144. The standard for recusal under both statutes is the same—"[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (citation modified).

Local Civil Rule 3(f) provides that "[w]henever a motion to recuse directed at a judge of this court" is filed under § 455, and the judge does not recuse voluntarily, "he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." LCR 3(f). "If the motion is directed at the chief judge, . . . the clerk shall refer it to the active judge with the highest seniority." *Id.*

The Court has reviewed Plaintiff's 8 U.S.C. § 455 challenge and declines to recuse voluntarily. Plaintiff presents no facts supporting the incomprehensible theories asserted in her motion. Thus, the Court directs the Clerk to refer the motion to the active judge with the highest seniority.

## III CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (Dkt. No. 18) is DENIED. Plaintiff's motion to disqualify Chief Judge Estudillo under 8 U.S.C. § 455 (Dkt. No. 18) is REFERRED to the District Judge Tana Lin, who is the active judge with the highest seniority.

Dated this 6th day of November, 2026.

David G. Estudillo
United States District Judge