UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAYNA L. ROCKETT,<br><br>Plaintiff,<br><br>v.<br><br>BEN HOSSEINZADEH et al.,<br><br>Defendants. | CASE NO. 2:26-cv-03546-JNW<br><br>ORDER ON MOTION FOR DISQUALIFICATION |

This matter is before the Court on the referral of the Honorable David G. Estudillo, Chief United States District Judge. Dkt. No. 19. Having reviewed the record, the Court AFFIRMS Chief Judge Estudillo's decision not to recuse or disqualify himself.

## I. PROCEDURAL BACKGROUND

On October 1, 2026, Plaintiff filed motions seeking the involuntary recusal and/or disqualification of the Honorable Jamal N. Whitehead, United States District Judge, the judge presiding over this case. Dkt. Nos. 8, 9. On October 8, 2026, Judge Whitehead denied the motions and, pursuant to Local Civil Rule 3(f),[1] referred the matter to Chief Judge Estudillo.

[1] Local Civil Rule 3(f) governs motions to recuse. "Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk

Dkt. No. 10 at 3. On October 13, 2026, before Chief Judge Estudillo had ruled on the original referral, Plaintiff again moved for Judge Whitehead's voluntary recusal and/or disqualification. Dkt. No. 13. On October 16, 2026, Judge Whitehead declined to voluntarily recuse or disqualify himself and, again, referred the matter to Chief Judge Estudillo. Dkt. No. 15 at 2–3.

On October 19, 2026, Chief Judge Estudillo affirmed both of Judge Whitehead's decisions not to recuse himself (Dkt. Nos. 10, 15). Dkt. No. 16. On October 22, 2026, Plaintiff moved for reconsideration and for Chief Judge Estudillo's voluntary recusal and/or disqualification. Dkt. No. 18. On November 6, 2026, Chief Judge Estudillo: (1) denied the motion for reconsideration; (2) declined to voluntarily recuse or disqualify himself; and (3) referred the matter to the undersigned, "the active judge with the highest seniority." Dkt. No. 19 at 3–4; LCR 3(f).

## II. LEGAL STANDARD

"[J]udges are as bound to recuse [them]selves when the law and facts require as [they] are to hear cases when there is no reasonable factual basis for recusal." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (internal citations omitted). A judge must voluntarily recuse herself if, *inter alia*, her "impartiality might reasonably be questioned," or she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. "Conclusory statements are of no effect. Nor are . . . unsupported beliefs and

---

to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority." LCR 3(f).

assumptions." *Maier v. Orr*, 758 F.2d 1578, 1583 (9th Cir. 1985). Once a party has made a timely and sufficient showing that a district court judge has a bias or prejudice "against [them] or in favor of any adverse party," the case must be reassigned. 28 U.S.C. § 144. In close cases, the balance tips in favor of recusal. *Holland*, 519 F.3d at 912.

## III. DISCUSSION

As a preliminary matter, the Court notes that its review here is very limited. The Court only addresses the specific question of whether Chief Judge Estudillo properly declined to recuse himself from his own, limited consideration of Judge Whitehead's referral(s). *See* Dkt. No. 18 at 9–10. That is, the Court cannot and will not consider (or reconsider) any other decisions made in this case by either Chief Judge Estudillo or Judge Whitehead.

The Court notes further that Plaintiff's motion offers only a minimal basis for Chief Judge Estudillo's disqualification. Indeed, her argument on the issue runs to less than one page in a ten-page motion. *See* Dkt. No. 18 at 9–10. The rest of the motion represents Plaintiff's request for reconsideration of Chief Judge Estudillo's order, an issue that, as stated above, is not before this Court. *See* Dkt. No. 19 (order denying Plaintiff's motion for reconsideration and referring motion for disqualification).

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981) (holding that "prior adverse rulings of a judge" are insufficient to show bias or prejudice). Here, Plaintiff's argument essentially boils down to Plaintiff's disagreement with Chief Judge Estudillo's adjudication of her previous motions for recusal. Plaintiff's grounds for recusal are based entirely on her dissatisfaction with the Chief Judge's "Order[, which] employed a pattern of facially apparent strawmen, red herrings, improper burden-shifting, and circular reasoning—giving the appearance of rubber-stamping Judge Whitehead's continued participation

rather than independently adjudicating the antecedent questions Plaintiff presented." Dkt. No. 18 at 9–10. This is simply a recapitulation of Plaintiff's premises for why she believes her motion was decided incorrectly. *See id.* at 4–9 (discussing six "avoidance errors" that Chief Judge Estudillo purportedly made when ruling on Plaintiff's motions).

Although Plaintiff argues that her motion "does not invoke adverse judicial rulings alone as grounds for disqualification" (*id.* at 10), that is precisely what it does. Plaintiff's objection, as provided in her motion, is with the content and disposition of Chief Judge Estudillo's Order. *See id.* at 9. Regarding the purported errors that she identifies, Plaintiff asserts that "their number, character, and repetition despite notice compound the independently identified circumstances concerning the Chief Judge himself" (*id.*), but she offers no authority to substantiate her implied position that the "number, character, and repetition" of judicial rulings should be considered as something separate from the judicial rulings themselves. *Holland*, the case she cites in support of her argument, concerns the Ninth Circuit's affirmation of a district judge's decision not to recuse himself "after [a criminal defendant] obtained the judge's home telephone number and left at least one threatening message prior to his sentencing." 519 F.3d at 910; *see* Dkt. No. 18 at 10. It is inapposite here, and the Court is not persuaded.

## IV. CONCLUSION

Accordingly, Chief Judge Estudillo's decision (Dkt. No. 19) on Plaintiff's motion for disqualification (Dkt. No. 18) is AFFIRMED.

Dated this 10th day of November 2026.

Tana Lin
United States District Judge